## HARMAN APGAR *vs.* DEGRAW AND BARCALOW.

If a party against whom a judgment is rendered before a justice of the peace pays the judgment in the presence of the other party, and afterwards appeals, and brings the appeal to trial before the Pleas without notice to the appellee, and in his absence, and obtains a judgment in his favor, the judgment of the Pleas will be set aside in this court upon *certiorari*.

---

*Certiorari* to Hunterdon Pleas.

Argued before Justices VREDENBURGH and WNELPLEY.

The opinion of the court was delivered by

VREDENBURGH, J. Degraw and Barcalow sued Apgar before a justice, on a note of hand. Apgar appeared before the justice, admitted the signature to the note, and

gave evidence in defence. The justice, on the 5th of March, 1858, rendered judgment for the defendant with costs; whereupon the plaintiffs, without intimating any intention of appealing, paid the judgment in the presence of the defendant.

On the 1st of April following the plaintiffs took an appeal, which was tried before the Pleas in September term, 1858, in the absence of Apgar, and with no other proof than the certificate of the transcript, that the defendant had admitted the signature to the note on the trial below. Judgment was thereupon entered in the Pleas against Apgar for $73.50, the face of the note and interest.

This *certiorari* is brought to reverse this judgment of the Pleas. Upon a rule to take testimony, Apgar has sworn that he had no notice or knowledge of the appeal until after its trial; that from the fact of Degraw's and Barcalow's paying the judgment at the trial below, he supposed the matter was closed, and that he believes he has a just and legal defence to the action.

The reason assigned for reversal is, that Apgar had no notice of the appeal, and that it was tried in his absence and without his knowledge.

The practice has been, in some parts of the state, that the appellee takes notice of the appeal at his peril. But this rule should go no further, at most, than where the appellant has done nothing to put the other party off his guard. In *Woodruff* v. *Carns, Penn. R.* 506, Chief Justice Kirkpatrick says, "The second reason is, that the defendant had no notice of the appeal. Upon appeal the cause is heard upon its merits, and it is essential to the administration of justice that the appellee should not only have notice, but also time to bring his witnesses and other evidence. I do not remember that the act expressly requires this, but it is a dictate of natural justice that a man should not be condemned without a hearing; if the fact had been so, I should have been inclined to reverse on that account. In the case now before us not only had the

appellee no notice, but the appellants, immediately upon the rendition of the judgment by the justice in the presence of the appellee, paid it. This was saying, in substance, that they did not intend to appeal, or at least it had a natural tendency to, and did in fact mislead the appellee.

The judgment of the Pleas must be reversed, and the cause remitted to that court to be proceeded in according to law.